IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:13cr8WJG-RHW-3

ARTURO LOPEZ-VALDEZ
    a/k/a Compadre

O R D E R

THIS CAUSE comes before the Court on the motion [54] of the Defendant, Arturo Lopez-Valdez [Lopez-Valdez], to sever his trial from that of his co-defendants. In his motion, Lopez-Valdez argues that his trial should be severed from that of Ernesto Jiminez [Jiminez] and Ignacio Herrera-Lugo [Herrera-Lugo] because the United States, as part of its prosecution of this case, intends to introduce a statement allegedly made by Herrera-Lugo to an informant regarding Lopez-Valdez's participation in the alleged conspiracy charged in this case. (Ct. R., Doc. 54, p. 3.) Lopez-Valdez contends that he would be deprived of his right to cross examine his co-defendant about this statement, especially because he cannot compel his co-defendant to testify. (*Id.*)

The Indictment in this case charges the three Defendants in Count 1 with conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846. (Ct. R., Doc. 32, p 1.) Jiminez is charged in Count 2 of the Indictment with aiding and abetting the possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(1)(1); and all three Defendants are named in

the Notice of Forfeiture contained in the Indictment. (Ct. R., Doc., 32, pp. 1-2.) The affidavit in support of the criminal complaint in this case provides that a confidential source allegedly arranged to purchase methamphetamine from two of the Defendants in this case. (Ct. R., Doc. 1, pp. 1-3.) The drugs were allegedly transported by the third Defendant in this case, who was detained in a traffic stop by the Harrison County Sheriff's Office. (*Id*., p. 2.) Upon obtaining Jiminez's consent to search the vehicle, 5.2 kilograms of methamphetamine were discovered. (*Id*.)

A motion for severance should be granted only if one of the defendants demonstrates serious risk that a joint trial would compromise a specific trial right of one of the defendants. *Zafiro v. United States*, 506 U.S. 534, 538-9 (1993). Persons indicted together generally should be tried together, particularly when the co-defendants are charged in the same conspiracy. *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998), *reh'g & suggestion for reh'g en banc denied* 144 F.3d 53; & *cert. denied*, 525 U.S. 909. Defendants are to be tried together if their indictments arise out of a common set of circumstances, even if there is a disparity in the quantum of the evidence. *See United States v. Cortinas*, 142 F.3d 242, 252 (5th Cir. 1998).

"The propriety of joinder under Rule 8 [of the Federal Rules of Criminal Procedure] is determined on the basis of the allegations of the indictment, which are accepted as true barring allegations of prosecutorial misconduct." *United States v. Faulkner,* 17 F.3d 745, 758 (5th Cir. 1994). No such allegation has been made here, so the Court first turns to the Indictment. The Indictment in this case charges the three Defendants with conspiracy to distribute 50 grams or more of methamphetamine, and the confiscation of more than that amount from one of the co-defendants, along with allegations that the confiscation of the drugs may be related to an effort by a confidential source to purchase drugs from the other co-defendants. (Ct. R., Doc. 1, pp. 1-

3.) These allegations are sufficient to allege a conspiracy between these co-defendants and to permit a trial of them jointly. Although evidence of criminal activity committed by the co-defendants in furtherance of the alleged conspiracy may be offered, the court, while guarding against prejudice to co-defendants possibly resulting from a joint trial, " . . . need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *United States v. Posada–Rios,* 158 F.3d 832, 863 (5th Cir. 1998) (quoting *United States v. Manges,* 110 F.3d 1162, 1174–5 (5th Cir. 1997)).

The granting of a motion for severance under Rule 14 of the Federal Rules of Criminal Procedure is discretionary with the court. *United States v. Faulkner,* 17 F.3d 745, 758 (5th Cir. 1994), *reh'g & suggestion for reh'g en banc denied* 21 F.3d 1110; & *cert. denied*, 513 U.S. 870, & *reh'g dismissed* 513 U.S. 1105 (1995). The Court determines if actual prejudice to the defendant is demonstrated and balances this consideration against the interests of judicial economy. *United States v. Cuesta*, 597 F.2d 903, 919 (5th Cir.), *cert. denied*, 444 U.S. 964 (1979). The Court concludes that a severance clearly is not warranted on this basis. After consideration of the evidence before the Court, there is no showing in the Defendant's motion of the extent of prejudice necessary to call for a severance. It is, therefore,

ORDERED that the Defendant Arturo Lopez-Valdez's motion [54] for severance be, and is hereby, denied.

SO ORDERED AND ADJUDGED, this the 13th day of May, 2013.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE